UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CHARLES ROBERT,

                                **MEMORANDUM & ORDER**
             Plaintiff,                    05-CV-2543 (NGG)

           -v-

DEPARTMENT OF JUSTICE and
SOCIAL SECURITY ADMINISTRATION,

             Defendants.
-------------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Charles Robert brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Robert alleges that Defendants the Department of Justice and the Social Security Administration ("SSA") failed to release documents responsive to a number of FOIA requests he made. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.

In his Amended Complaint, Robert attacks Defendants' treatment of 11 FOIA requests, termed requests A through K. (Amended Complaint (Docket Entry # 44).) Defendants argue that Robert's claims must be dismissed because (1) requests G and H were never received; (2) Robert did not exhaust administrative remedies with respect to requests F, I, and K; and (3) Defendants either did not find, were not required to search for, or properly withheld documents responsive to requests A, B, C, D, E, and J. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Def. Mem.") (Docket Entry # 70) at 6, 7, and 12.) In response, Robert asks the court to allow him to withdraw without prejudice his claims relating to requests A, B, C, F, G, H, I, J, and K. Robert also argues that Defendants' motion for summary judgment relating to requests D and E should be denied, because the requested documents exist and are not

1

exempt from disclosure under FOIA.¹ (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Mem.") (Docket Entry # 61).)

## I. Robert's Request to Withdraw Claims Without Prejudice

Robert explains that he wishes to withdraw without prejudice his claims relating to requests A, B, C, F, G, H, I, J, and K because he wishes to submit these claims to mediation pursuant to a provision newly added to FOIA in 2007. This provision, 5 U.S.C. § 552(h), establishes an Office of Government Information Services within the National Archives and Records Administration, one of whose duties is to "offer mediation services to resolve disputes between persons making requests under this section and administrative agencies as a non-exclusive alternative to litigation." Robert also argues that dismissal of these claims is appropriate in light of statements by Social Security Administration Commissioner Michael J. Astrue to the Senate Finance Committee during a January 24, 2007 hearing. Robert believes that these statements indicate that mediation of his claims will be successful and that Defendants will now likely accept his offer of settlement. (Affidavit in Opposition to Defendants' Motion for Summary Judgment (Docket Entry # 62) ¶¶ 1-32.)

Defendants do not oppose Robert's request to withdraw without prejudice those claims relating to requests G and H. They do, however, object to Robert's request to withdraw without prejudice the claims relating to requests A, B, C, F, I, J, and K. Defendants argue that they have appropriately responded to these requests, that they are entitled to summary judgment, and that

---

¹ Robert requests that the court order U.S. Attorney Benton J. Campbell to file a signed pleading informing the court whether certain requested documents exist. Robert argues that such an order is necessary to "eliminate that factual issue once and for all." As there is no legal or factual basis for the issuance of such an order, Robert's request is denied.

their response to Robert's requests would not be different after mediation. Defendants further argue that they have "fully briefed the issues and should not be required to process new, duplicative FOIA requests or re-litigate the same issues." (Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Def. Rep.") (Docket Entry # 71) at 6.)

Robert's request to withdraw without prejudice his claims relating to requests A, B, C, F, I, J, and K is denied. "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). These factors clearly weigh in favor of denying Robert's motion. First, Robert has a documented history as a vexatious litigant, and has failed to prosecute numerous actions in the past. See Charles Robert VIII v. Dep't of Justice, No. 05-CV-2543 (NGG) (ETB), 2005 WL 3371480 (E.D.N.Y. Dec. 12, 2005). Second, Defendants have been put to the considerable expense of preparing affidavits and memoranda of law in favor of their motion for summary judgment. Third, Robert's reasons for withdrawing his claims are not convincing. As Robert himself concedes, the statements by Commissioner Michael J. Astrue upon which he relies are consistent with previous testimony before the Senate Finance Committee on June 22, 1989, and therefore do not reflect a change of position making it more likely that Defendants will accept Robert's offer of settlement. In any case, although the court recognizes the value of mediation, 5 U.S.C. § 552(h) does not require or encourage the staying of ongoing FOIA litigation in favor of mediation. In light of Robert's litigation history, the court does not believe that it is likely that

mediation would result in a settlement of Robert's claims. Allowing Robert to withdraw these claims without prejudice would therefore be inappropriate.

Accordingly, the court will consider Defendants' motion for summary judgment with respect to Robert's requests A, B, C, F, I, J, and K. However, as Defendants do not object to Robert's withdrawal without prejudice of his claims relating to requests G and H, those claims are dismissed without prejudice.

## II.     Defendants' Motion for Summary Judgment

### A.     Standard of Review

Because of the discreet nature of the legal and factual issues presented, the factual background relevant to each of Robert's claims will be presented below, along with the legal discussion thereof.

When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court will only accept as fact those facts included in the parties' Local Civil Rule 56.1 statements of material fact and supported by citations to the record. Local Civil Rule 56.1. Any numbered paragraph in Defendants' statement of material facts will be deemed to be admitted for purposes of Defendants' motion unless specifically controverted by a correspondingly numbered paragraph in Robert's statement. Id.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), *i.e.*, "where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party," Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). "A fact is 'material' for these purposes if it might affect the outcome of the suit under the governing law. An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party has the burden of establishing the absence of a genuine issue of material fact. Liberty Lobby, 477 U.S. at 256. If the moving party meets its burden, the non-moving party must then "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Because Robert is proceeding *pro se*, the court has read his papers liberally, and has interpreted them "to raise the strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### B. Requests K, F, and I–Exhaustion of Administrative Remedies

"A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including: (1) failure to provide the required proof of identity; (2) failure to reasonably describe the records being sought; (3) failure to comply with fee requirements; and (4) failure to administratively appeal a denial of information. Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal for lack of subject matter jurisdiction." Judicial Watch, Inc. v. Fed. Bureau of Investigation, No. 00-745 (TFH), 2001 WL 35612541, *12 (D.D.C. April 20, 2001) (internal citations omitted).

1. **Request K**

On March 29, 2005, Robert requested from SSA what he calls the "SSA Squillicioti" documents ("request K"). (Declaration of Debbie Verzi ("Verzi Decl.") (Docket Entry # 68) Exh. N.) SSA responded to request K on May 31, 2005 by refusing to confirm or deny the existence of the requested documents, because such a disclosure would be an unwarranted invasion of privacy. (Verzi Decl. Exh. O.) SSA notified Robert that he could appeal its decision. (Id.) Debbie Verzi, a Social Insurance Specialist in SSA's Office of Public Disclosure, has attested that the SSA did not receive an appeal of its May 31, 2005 decision. (Verzi Decl. ¶ 20; Defendant's Statement Pursuant to Local Civil Rule 56.1 ("Def. 56.1") (Docket Entry # 69) ¶ 54.) Robert does not cite in his Local Civil Rule 56.1 Statement to any evidence showing that he ever appealed SSA's May 31, 2005 decision. (See Rule 56.1 Statement ("Pl. 56.1") (Docket Entry # 73.) Robert has therefore not shown that there is a genuine issue of material fact as to whether he exhausted his administrative remedies with respect to request K. As a result, the court lacks subject-matter jurisdiction to review SSA's May 31, 2005 decision. See Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of [its] appeals process before an individual may seek relief in the courts").

2. **Request F**

On April 13, 2005, Robert requested from the Executive Office for United States Attorneys ("EOUSA") the release of certain documents sent by AUSA Noyer relating to an investigation of Robert ("request F"). (Declaration of John F. Boseker ("Boseker Decl.") (Docket Entry # 66) Exh. R.) In order to safeguard privacy, EOUSA requires proof of identity

before releasing information about an individual to a person claiming to be that individual. On June 8, 2005, the EOUSA sent Robert a letter requesting proof of identity. (Boseker Decl. Exh. V.) John F. Boseker, an Attorney Advisor in EOUSA, has attested that EOUSA never received the requested proof of identity. (Boseker Decl. ¶ 37; Def. 56.1 ¶ 36.) Robert does not cite in Pl. 56.1 any evidence to the contrary. Therefore, because Robert has not shown there is a genuine issue of material fact as to whether he exhausted his administrative remedies with respect to his request F, the court lacks subject-matter jurisdiction to review EOUSA's June 8, 2005 response. See Lilienthal v. Parks, 574 F. Supp. 14 (D.C. Ark. 1983) (failure to provide proof of identity requires dismissal).

### 3. Request I

On August 13, 2004, Robert requested from SSA "copies of the standards that were applied in each case to present to SSA Commissioner Barnhart as evidence of the fact that . . . incorrect legal standards are presently being applied to Ford 'Navarro sub class' members with the actual knowledge of Executive Branch attorneys" ("request I"). (Verzi Decl. Exh. A.) After Robert clarified his request, SSA notified Robert that it had located 303 pages of responsive documents and that the cost of responding to his request was $416.30. (Verzi Decl. Exh. D.) SSA advised Robert that when it received his payment it would release the responsive documents. (Id.) Verzi has attested that Robert never made the required payment (Verzi Decl. ¶ 7), and Robert does not cite in his Local Civil Rule 56.1 Statement any evidence to the contrary. Because Robert has not shown there is a genuine issue of material fact as to whether he exhausted his administrative remedies with respect to request I, the court lacks subject-matter jurisdiction to review SSA's response.

7

## C. Request C: FOIA Exemption 5

In order to prevail on a summary judgment motion in a FOIA case when a defending agency is withholding documents pursuant to an exemption, the agency must supply an affidavit "giving reasonably detailed explanations why any withheld documents fall within an exemption." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). An agency is entitled to summary judgment when (1) its "affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed, and (2) the affidavits are neither controverted by contrary record evidence nor impugned by bad faith on the part of the agency." King v. Dep't of Justice, 830 F.2d 210, 217 (D.C.Cir. 1987).

On October 30, 2003, Robert requested the "DOJ case file notes in Robert v. Holz, cv 85-4325" ("request C"). Robert conceded in his request that "[t]hese are the documents that would ordinarily be subject to FOIA exemption 5 with the attorney client privilege defense and FOIA exemption 7. The requester seeks these documents to prove a 'fraud' upon the court whereby inaccurate information had been intentionally provided to federal court judges." (Boseker Decl. Exh. J.) On August 13, 2004, EOUSA notified Robert that it had located eight pages of records responsive to his request, which it was withholding pursuant to FOIA exemptions 5 U.S.C. §§ 552(b)(2), 552(b)(5) and 552a(j)(2). (Boseker Decl. Exh. K.)

5 U.S.C. § 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Robert himself concedes that the "DOJ case file notes" squarely fall within this exemption because they are attorney work product. The affidavits provided by the

government demonstrate with sufficient specificity why these case file notes are exempt from disclosure. (See Boseker Decl. ¶¶ 39-43.) Because Robert has made no showing of bad faith on the part of Defendant EOUSA, this affidavit is therefore sufficient to sustain Defendants' burden on summary judgment. Defendants' motion is granted with respect to request C.

### D. Requests A, B, D, E, and J

In order to prevail on a summary judgment motion in a FOIA case when a defending agency claims that it has uncovered no responsive documents, the agency must supply an affidavit "supplying facts indicating that the agency has conducted a thorough search." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). Such affidavits "should, at a minimum, describe in reasonable detail the scope and method by which the search was conducted." Maynard v. C.I.A., 986 F.3d 547, 559 (1st Cir. 1993). The affidavit should also "describe at least generally the structure of the agency's file system which makes further search difficult." Id. at 559-560.

#### 1. Request A

On July 22, 2003, Robert requested from EOUSA "the FBI and the DOJ Final Report of the joint FBI-DOJ-HHS task force that in the mid-1980s investigated the Florida HMO, International Medical Center, Inc." ("request A"). (Boseker Decl. Exh. L.) By letter dated September 30, 2003, EOUSA advised Robert that "a search for records located in the United States Attorney's Office for the Eastern District of New York has revealed no records." (Boseker Decl. Exh. N.) The government has submitted no affidavit describing the search that was conducted. The government's motion for summary judgment is therefore denied with respect to request A. Defendants are granted 30 days leave to submit to the court a reasonably detailed

affidavit describing the search that they undertook.  See New York Times Co. v. United States Dep't of Defense, 499 F. Supp. 2d 501, 518 (S.D.N.Y. 2007) (allowing defendants to submit supplementary affidavit when previous affidavit was not sufficiently detailed).

### 2. Request B

On November 13, 2003, Robert requested from EOUSA the "Director Tyson November, 1985 AUSA Zwany Final Report" (request B).  (Boseker Decl. Exh. A.)  Defendants have provided an affidavit describing how the search was performed for the requested document.  (Boseker Decl. ¶ 14.)  This affidavit describes what database was searched, how the database is organized, and what search terms were used to search through the database.  As this affidavit includes an "explanation of what records were searched [and] what search terms or methods were employed," Defendants' motion for summary judgment with respect to request B is granted.  See New York Times, 499 F. Supp. 2d at 518.

### 3. Requests D and E

On March 31, 2004, Robert requested from EOUSA the "universe of 'EOUSA Christensen v. Harris County nonacquiescence policy' documents" ("request D").  (Boseker Decl. Exh. W.)  Robert described this nonacquiescence policy as a "clandestine" policy which would show a "DOJ policy not to acquiesce to Justice Thomas' Christensen administrative law holding."  (Id.)

On April 13, 2005, Robert requested from EOUSA the "Barrett nonacquiescence policy including the standards that are to be applied when DOJ attorneys apply the Barrett nonacquiescence policy" ("request E").  (Boseker Decl. Exh. R.)  Robert explained that "[i]n 1986, a decision was made by DOJ officials not to acquiesce to the Second Circuit's Barrett

10

decision that rejected the DOJ policy that an Executive Branch official or attorney had a license to withhold material evidence, and if necessary suborn perjury, from a federal judge based on a patriot's good faith belief that this is necessary in order to protect the national security." (Id.)

EOUSA responded to requests D and E by telling Robert that the requested information was not maintained by the EOUSA or the United States Attorney's Offices, which are the only United States Department of Justice components for which the EOUSA is the official record-keeper. (Boseker Decl. Exh. W ¶ 6 & Boseker Decl. ¶ 32.) Defendants maintain in their memorandum of law that "there was no need for the EOUSA to conduct searches since these documents, if they existed, would not be maintained by the EOUSA components." (Def. Mem. at 18.)

FOIA requires an agency to search for requested documents. See Carney, 19 F.3d at 812 ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate.") An agency may not satisfy its burden to search for documents with a conclusory statement that it does not maintain such documents. In American-Arab Anti-Discrimination Committee v. U.S. Dep't of Homeland Security, 516 F. Supp. 2d 82 (D.D.C. 2007), for example, the court described the statement in an affidavit of Immigration and Customs Enforcement ("ICE") that ICE did not "maintain information relating to[ ] ethnicity[ ] and religion" of arrestees as:

> akin to simple *ipse dixit*. Neither this statement nor the discussion of the race data requests provides much insight as to what the defendants' document location protocols are nor how they were followed in this case.

Id. at 88. Nevertheless, the court found that a further search was unnecessary because, in light of the affidavit's entire contents, it was clear that the affiant had spoken with several ICE agents

11

and, in his role as "Deputy Assistant Secretary for Operations," the affiant was presumably familiar with the statistics that ICE maintained on arrestees. Id.

By contrast, here it is not clear that the affiants who have provided the affidavits upon which Defendant relies, John F. Boseker and David Luczynski, have knowledge of EOUSA practices and procedures sufficient for the court to credit their assertions that EOUSA does not maintain the requested documents. Both John F. Boseker and David Luczynski are responsible primarily for EOUSA's response to FOIA requests; they do not have operational responsibility within EOUSA. (See Boseker Decl. ¶¶ 1-4 & Boseker Decl. Exh. W ¶¶ 1-3.) Moreover, Defendants have provided no facts to support their contention that EOUSA does not maintain the requested documents. The court understands and appreciates Defendants' position that Robert's allegations that these documents exist are simply based upon speculation and conspiracy theories. (See Pl. Mem.) Even so, Defendants may not satisfy their burden under FOIA by simply stating in conclusory fashion that they do not maintain the requested documents. See Maynard, 986 F.2d at 559 (agency is not entitled to summary judgment when it relies on conclusory affidavits).

Defendants' motion for summary judgment with respect to requests D and E is therefore denied. Defendants are granted 30 days leave to submit to the court a reasonably detailed affidavit supporting their position that EOUSA does not maintain the requested documents. In the alternative, EOUSA may undertake a search for the requested documents.

  **4. Request J**

On April 13, 2005, Robert requested from SSA a document that was attached to a routing slip that had been released to Robert as the result of a prior FOIA request ("request J"). (Verzi Decl. Exh. J.) By letter dated September 9, 2005, SSA informed Robert that it had searched its

records and was unable to locate the requested document. (Verzi Decl. Exh. M.)

The affidavit provided by Defendant SSA reveals in which offices SSA searched for documents – the Office of Inspector General and the Office of Income Security Programs – and that no documents were found. (Verzi Decl. ¶ 16.) However, it does not provide any details of how the searches were conducted; it states only that Ms. Whalen, who searched in the Office of Inspector General, stated that "she was unable to locate anything because the case was so old (1986) that the files have been purged." (Id.) The affidavit provides no detail regarding the structure of the file systems searched and how the search was conducted. See Maynard, 986 F.2d at 559 ("The affidavit should additionally describe at least generally the structure of the agency's file system which makes further search difficult.")

Defendants' motion for summary judgment is therefore denied with respect to request J. Defendants are granted 30 days leave to submit to the court a reasonably detailed affidavit describing the search that they undertook to locate documents responsive to request J.

## III. CONCLUSION

Robert's motion to withdraw without prejudice his claims relating to requests G and H is GRANTED. Robert's motion to withdraw his claims relating to requests A, B, C, F, I, J, and K is DENIED.

Defendants' motion for summary judgment with respect to requests B, C, F, I, and K is GRANTED. Defendants' motion for summary judgment with respect to requests A, D, E, and J is DENIED. Defendants are GRANTED 30 days leave to file supplementary affidavits explaining their responses to these requests in greater detail, as explained above.

SO ORDERED.

Dated: May 9, 2008  /s Nicholas G. Garaufis
Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
United States District Judge